### LINWOOD PARK CO v HERKNER

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11633.   Decided May 25, 1931

Oscar J. Horn, C. E. Weesill and H. N McLaughlin, all of Cleveland, for Herkner.

Locher, Green & Woods, Cleveland, for The Linwood Park Co.

MAUCK, PJ.

The word "necessary" does not impart extreme need when applied to such a situation as we have here.  That is necessary which is required to give the vendee those advantages incident to the enjoyment of the particular property for the particular purposes for which such property was designed.

The motion of the defendant for judgment was properly overruled.

There were, however, errors occurring during the trial that cannot be overlooked.

It was competent for the plaintiff to show that the defendant's agent exhibited to him the various easements appurtenant to the lot and this necessitated the admission in evidence of what such agent at that time said.  The jury should have been charged, however, that what the agent said did not form the basis of recovery and that recovery must rest upon the jury's finding that the easement was an appurtenance and not upon the agent's alleged statement that it was an appurtenance.

The real issues made by the pleadings and evidence were never defined and there was scarcely any attempt to do so and so far as attempted the definition was inaccurate.  This requires a reversal. **Railroad v Lockwood, 72 Oh St 586.**

There was no measure of damages at all laid down for the jury to use in fixing the amount of recovery but the jury was left to its own guesses in that behalf.

The judgment is reversed for errors in the charge to the jury and the case is remanded for new trial.

MIDDLETON and BLOSSER, JJ, concur.